JOHN P. MELHADO, Plaintiff and Appellant, *v.* HEIRS OF FRANCISCO BERMÚDEZ ET AL., Defendants and Appellees.

No. 4065. Argued February 4, 1927.—Decided May 26, 1927.

*Pascasio Fajardo Martínez* for the appellant. *José Sabater* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

John P. Melhado sued the eight heirs of Francisco Bermúdez and Rosa Rodríguez named in the complaint for $16,000 as damages for breach of a contract of lease of a certain urban property. The complaint alleged that in or about September, 1924, the plaintiff made a verbal agreement with the defendants that they would rebuild a house belonging to them which had been destroyed by the earthquakes that occurred in Mayagüez, and that the reconstruction should be done in accordance with the plans which the plaintiff would submit for the installation of a workshop for the manufacture of children's clothing, handkerchiefs, towels, etc.; that it had been agreed that as soon as the building was rebuilt it would be leased to the plaintiff for four years from the date of its delivery, which should take place on the 1st of January, 1925, at a monthly rent of $90 payable at the end of each month; that the building was finished but the defendants, in violation of the agreement, leased it to

a third person; that owing to such breach of the contract the plaintiff had been compelled to continue with a limited business, having been unable to enlarge it, and that calculating the orders received for future delivery during the four years of the lease of the building, his profits would have been four thousand dollars each year.

The defendants denied that they had made any contract with the plaintiff, either verbally or in writing, in regard to the rebuilding of the house and its lease. They alleged that after the death of their parents they appointed by a public document their eldest brother Francisco Bermúdez as their attorney in fact and that he had never made any contract with the plaintiff. They also alleged that though one of the heirs had promised verbally, without any authorization from the attorney in fact or from the other heirs, to lease the house to the plaintiff without any definite term, and without any consideration for such promise, the plaintiff, during the reconstruction of the building, waived that promise and in that way defendant Pedro Bermúdez had been freed therefrom.

From the evidence introduced the trial court found the following facts:

"1. Pedro Bermúdez, one of the defendant heirs, promised to lease to the plaintiff, as soon as it was rebuilt, a house situated on Hostos Street of this city and belonging in common to the defendant heirs, for the monthly rent of $90 payable at the end of each month.

"2. The plaintiff wished that the reconstruction of the house should be done in a certain way for the purpose of using it in the drawn-work industry; but Pedro Bermúdez had some disagreement with the plaintiff in regard to the particulars because the former did not want to comply with the latter's wishes.

"3. Pedro Bermúdez is and was a co-owner, share and share alike, with the other heirs, who had never contracted with the plaintiff or given their consent to the lease.

"4. The house, after being rebuilt, was not leased or delivered to the plaintiff. The eldest of the defendants, who had been granted by them power of attorney by means of a public deed and who

usually acted and did any business in connection with the undivided common property of the defendants, leased it to another person.''

The evidence clearly showed that seven of the Bermúdez brothers had granted power of attorney to their eldest brother Francisco who was the one in charge of the administration of the undivided common property of the Bermúdez heirs. There is nothing to show directly or indirectly that the plaintiff had had any dealing with Francisco Bermúdez, the attorney in fact of all the heirs, in regard to the lease of the property referred to in the complaint. The plaintiff never mentioned in his testimony the name of Francisco nor did he ever state that he had any dealings with him in the negotiations for the lease of the house. It was a fact that he resided in Añasco and that it was through the recommendations of the other heirs residing in Mayagüez that there were carried out certain transactions in connection with the property; but such recommendations did not in themselves constitute an agreement, in the case of many heirs all of whom having the same interest in the property, and the fact that a power of attorney had been granted by them all to one of them showed that they wanted to act in common in any deal and that its final acceptance was delegated to the attorney in fact as representative of the common will.

Notwithstanding the plaintiff tried to show that the lease was important for the purposes of his business or industry, he does not seem to have taken any step to ascertain the legal status of the property which belonged in common to eight owners in equal shares. He could not lease the whole of the property without the consent of all of the co-owners, and if he did not obtain or try to obtain a lease from the directing will with power to contract, he can not complain. He might have applied to each co-owner, but failed to do so. He confined himself to dealing with one of the heirs, Pedro Bermúdez, who, it seems, had not been authorized by his

brother Francisco or by the other heirs to enter into any agreement. As to the negotiations, although they took place between Pedro Bermúdez and the plaintiff, the evidence is conflicting. During the rebuilding of the house differences arose between them. On the one hand the plaintiff alleged that he kept the agreement, and on the other hand Pedro Bermúdez stated that on one occasion when he went to the office of the plaintiff the latter put an end, in a violent manner, to the negotiations in connection with the lease.

Moreover, we do not find that any fundamental error has been committed or that there has been shown by the trial court passion, prejudice or bias in weighing the evidence.

The judgment appealed from must be affirmed.